## THE EXETER BANK *versus* JOHN ROGERS AND NATHANIEL GILMAN.

In debt, upon a bond, given by the cashier of a bank, to account for all moneys by him received, the defendant pleaded a general performance. The plaintiff replied that the cashier, at divers times, received moneys, amounting to a certain sum, for which he had not accounted. The defendant rejoined that the cashier accounted for all moneys, by him received, and concluded to the country.

It was held, that, as the pleadings stood, the defendant was bound to show, in order to entitle himself to a verdict, that the cashier accounted for the sum mentioned in the replication.

DEBT upon a bond, dated, February 18, 1809. Rogers was defaulted. Gilman craved oyer of the bond, and the condition, which was in substance, that Rogers, having been appointed cashier of the Bank, should faithfully discharge the duties of said office, and account to

the president and directors, when requested, for all moneys and other property belonging to the corporation and entrusted to him.

He then pleaded a general performance of the condition by Rogers.

To this plea the plaintiffs replied, that the said Rogers, being cashier of the said Bank, from the 18th February, 1809, to 18th January, 1830, received, at divers times, as such cashier, $5211,92, belonging to the bank, for which, although specially requested, he had never accounted.

Gilman rejoined, that Rogers accounted for all the money belonging to the Bank, by him received as cashier, and concluded to the country, and the plaintiffs joined the issue tendered.

The cause was tried, at August term, 1832, when the plaintiffs gave in evidence an act of the legislature, incorporating the Bank, which was passed on 19th December, 1803, and providing, that the charter should continue, from the first day of January, then next, until the expiration of twenty years next following.

They also gave in evidence an additional act, passed, June 14, 1822, which provided, that the said act, entitled, " an act to incorporate sundry persons by the name of the president directors and company of the Exeter Bank, shall remain and continue in force, for and during the term of twenty years from and after the first day of January, 1824."

The court ruled that, as the pleadings stood, the burthen of proof was on the defendant, to show that Rogers accounted for all the money which had come to his hands during his continuance in said office of cashier, and the defendant, not offering any evidence to that effect, a verdict was taken for the plaintiffs, subject to the opinion of the court, upon the foregoing case.

*Tilton and J. Bell*, for the plaintiffs.

Exeter Bank
v.
J. Rogers,
et a.

*Bartlett and Sullivan*, for the defendants.

*By the court.* It hardly admits a doubt that, as the pleadings stood, the burthen of proof, in this case, was upon the defendant. The plaintiffs alleged, in their replication, that Rogers received a certain sum, for which he had not accounted. There are several ways in which the defendant might have rejoined. Thus, he might have denied that Rogers received the money mentioned in the replication, and this would have thrown the burthen of proof upon the plaintiffs, to show that Rogers had received money for which he had not accounted.— There are in the books instances of such a rejoinder, in a case like this. 8 Barnwell and Cresswell, 556, *Whitnash* v. *George ;* 8 Pick. 524, *Ashby* v. *Wellington.*

But the defendant has, in substance, rejoined that Rogers accounted for the sum mentioned in the replication, and this, if true, is a good answer to the replication.— There is, in 4 B. & P. 34, *Dana* v. *Gerdler,* an instance of such a rejoinder. But it is not denied, in such a rejoinder, that the money mentioned in the replication was received, as there alleged. It is therefore admitted that it was received. For, in pleading, what is not denied is admitted. The only question was, then, had Rogers accounted for the money ? This was clearly to be shown by the defendant.

*Judgment for the plaintiffs.*